SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HONGJUN YUAN; and MEIMEI FU, | No. C 07-3750 JL |
| Plaintiffs, | |
| v. | **EX PARTE** MOTION PURSUANT TO FED. R. CIV. P. 56(f) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; and ROBERT S. MUELLER, Director of the Federal Bureau of Investigation, | |
| Defendants. | |

## I.  INTRODUCTION

On July 24, 2007, Plaintiffs Hongjun Yuan and Meimei Fu ("Plaintiffs") served the United States Attorney's Office with the Complaint in the above captioned matter. Even though Defendants' Answer is not due until September 24, 2007, on September 7, 2007, Plaintiffs filed a Motion for Summary Judgment ("Plaintiffs' Motion"). Defendants hereby oppose Plaintiffs' Motion, and move the Court to refuse the Motion pursuant to Fed. R. Civ. P. 56(f).[1] This motion is supported by the attached Declaration of Melanie Proctor.

///

---

[1] Defendants enter their appearance here for the sole reason of opposing Plaintiffs' Motion and reserve the right to raise all appropriate defenses to the Complaint in their responsive pleading.

EX PARTE MOTION
C 07-3750 JL

## II.  ANALYSIS

Plaintiffs' Motion should be refused because it is premature.  Courts have been clear: "The purpose of Rule 56(f) is to prevent the opposing party from being railroaded by a premature motion for summary judgment."  Herring v. Countrywide Home Loans, Inc., 2007 WL 707073, at *2 (D. Ariz. Mar. 6, 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1985)).  "When a motion for summary judgment is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."  Burlington Northern Santa Fe R.R. Co. v. Assinibione & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir.2003) (emphasis added).

Here, Plaintiffs have filed their motion before Defendants have had sufficient opportunity to investigate the claims raised in their Complaint.[2]  Indeed, Defendants' opposition to Plaintiffs' Motion is due just two days after their responsive pleading must be filed.  Defendants lack sufficient time to gather supporting affidavits and information to support their opposition to Plaintiffs' Motion.  Accordingly, Defendants move the Court to refuse Plaintiffs' Motion pursuant to Fed. R. Civ. P. 56(f).  Alternatively, Defendants request the Court to continue the Motion hearing to December 12, 2007, to provide Defendants opportunity to investigate Plaintiffs' claims.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion, or continue the hearing date.

Dated: September 10, 2007                           Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


___/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney

---

[2] Plaintiffs' counsel has filed similar premature motions in at least three other cases.  See Jiang v. Chertoff, No. C 07-3909 CRB, Dkt. No. 4; Xiang v. Chertoff, No. C 07-3769 JF, Dkt. No. 4; Zhu v. Chertoff, No. C 07-3749 JF, Dkt. No. 4.

EX PARTE MOTION
C 07-3750 JL                                    2