SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HONGJUN YUAN; and MEIMEI FU, | No. C 07-3750 JL |
| Plaintiffs, | |
| v. | DEFENDANTS' RESPONSE IN SUPPORT OF **EX PARTE** MOTION PURSUANT TO FED. R. CIV. P. 56(f) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; and ROBERT S. MUELLER, Director of the Federal Bureau of Investigation, | |
| Defendants. | |

**I.   INTRODUCTION**

Plaintiffs oppose Defendants' Rule 56(f) Motion, arguing that their Motion for Summary Judgment is not premature. They suggest that the facts of the case at hand are simple, and that accordingly, Defendants have had sufficient time in the past six weeks to investigate his claims. Plaintiffs' arguments are without merit. While the facts may appear simple to them, Defendants simply have not been accorded sufficient time to investigate their claims, and should not be forced to defend themselves just a few days after the date an answer is due.

**II.   ANALYSIS**

Plaintiffs cite several cases from this District in support of their argument that relief should be granted solely on the length of delay. In particular, they cite Gelfer v. Chertoff, No. 06-06724

REPLY IN SUPPORT OF EX PARTE MOTION
No. C 07-3750 JL

WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007); however, that case does not support their argument. Judge Alsup specifically noted that it was inappropriate, at the dismissal stage, to decide whether the delay was unreasonable. 2007 WL 902382, at *2. The other two cases Plaintiffs cite involved much lengthier periods of delay. Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007); Aboushaban v. Mueller, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006). Here, Defendants must be allowed sufficient time to investigate the nature of the alleged delay.

Defendants have clearly indicated, through the declaration of undersigned counsel, that they require additional time in order to fully defend themselves in this action. Plaintiffs also suggest that "Defendants have failed to indicate that they are without fault in creating the crisis that requires ex parte relief." Undersigned counsel learned that Plaintiffs' counsel intended to file motions for summary judgment on a number of cases, and attempted to dissuade him from doing so, explaining that courts disfavor such early Rule 56 motions. See Exh. A. Plaintiffs' counsel did not attempt to negotiate a more reasonable briefing schedule, and instead, filed the motion for summary judgment at issue just a day later. See Exh. B. The date noticed would require Defendants to defend themselves just two days after answering the Complaint. Thus, Plaintiffs created the situation requiring Defendants to file the instant Rule 56(f) Motion.

Plaintiffs asks the Court to require Defendants to state with particularity what evidence might exist that would allow them to defend their claims. Defendants cannot describe what they do not know, and what they have not been afforded an opportunity to discover. Indeed, at this juncture, Defendants do not even know how they will respond to the allegations in the Complaint. Plaintiffs are correct in one regard: cases such as the case at hand do not require lengthy discovery schedules. However, Defendants must be provided an opportunity to investigate and defend against Plaintiffs' claims. See Harris v. City of Seattle, 315 F. Supp. 2d 1112, 1120 (W.D. Wash. 2004) (characterizing as early a motion filed before defendants had an opportunity to pursue discovery and obtain necessary defensive evidence).

Moreover, Defendants do not ask for an unreasonable amount of time. Defendants have proposed a schedule that is in accordance with past practice, calculated from the date of the Case Management Conference, and within the Court's calendar of availability. Plaintiffs' proposed

schedule denies Defendants the process that is due to them. Defendants have established good cause for extending the hearing schedule.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to refuse Plaintiffs' Motion for Summary Judgment, or continue the hearing date to December 12, 2007.

Dated: September 14, 2007              Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney